UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE MACEDON,

                Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS, ET AL.,

                Defendants.

20-CV-10123 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

---

COLLEEN MCMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at the Vernon C. Bain Center, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

    Plaintiff signed the amended complaint filed in *Lee v. New York City Dep't of Corr.*, ECF 1:20-CV-8407, 14 (GBD) (SDA) (S.D.N.Y.), but did not pay the filing fees or submit a

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

completed IFP application and prisoner authorization. By order dated December 1, 2020, Magistrate Judge Aaron severed into individual cases the claims of 13 detainees who signed the amended complaint but not the original complaint. *Lee*, ECF 1:20-CV-8407, 19. Plaintiff George Macedon's claims are now pending under this docket number.

Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 20-CV-10123 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFPstatus is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 3, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fee at the time of filing any new action.